FILED

2008 DEC 23 PM 1:32

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

BY_____

TODD M. SORRELL (BAR NO. 175143)
e-mail: tsorrell@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant
NORSTAR OFFICE PRODUCTS, INC.
dba BOSS OFFICE PRODUCTS
(erroneously sued as "Norstar Products,
Inc. dba Boss Office Products")

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. dba OFFICE STAR PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>NORSTAR PRODUCTS, INC. dba BOSS OFFICE PRODUCTS and OFFICE FURNITURE OUTLET, INC.,<br><br>Defendant. | Case No. EDCV08-1757 SGL (OPx)<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT NORSTAR OFFICE PRODUCTS, INC. dba BOSS OFFICE PRODUCTS; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: 12/2/08 |

Defendant Norstar Office Products, Inc., dba Boss Office Products ("Boss"), by and through its counsel of record hereby answers Plaintiff Blumenthal Distributing, Inc., dba Office Star Products' ("Office Star") Complaint and asserts its defenses, affirmative defenses and counterclaims as follows:

# I. JURISDICTION

1. Boss admits that Office Star has recited the claims made in the complaint, and that jurisdiction is appropriate.

2. Boss admits that this Court has personal jurisdiction over it, and that venue for Office Star's alleged causes of action is appropriate in the Central District of California.

# II. PARTIES

3. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and on that basis denies the allegations.

4. Boss admits the allegations set forth in paragraph 4 of the Complaint.

5. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and on that basis denies the allegations.

# III. FACTUAL BACKGROUND

6. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and on that basis denies the allegations.

7. Boss denies the allegations set forth in paragraph 7 of the Complaint.

8. Boss denies the allegations set forth in paragraph 8 of the Complaint.

9. Boss admits the allegations in paragraph 9 that relate to the lawsuit, but denies the allegations that are inconsistent with the terms of the settlement agreement. Boss denies the allegations in paragraph 9 that relate to trademarks.

10. Boss denies the allegations contained in paragraph 10, except to admit that Boss does offer chairs for sale.

11. Boss denies the allegations in paragraph 11 of the Complaint, except to admit that Boss does not ship any chair that it agreed not to sell by way of the settlement agreement.

80414203.1

- 2 -

12. Boss denies the allegations in paragraph 12 of the Complaint, except to admit that Boss does not sell a chair with the B5500 or B5700 designation.

### First Claim For Relief

### Unregistered Trademark Infringement

13. Boss realleges and incorporates its responses to paragraphs 1-12 as though fully set forth herein.

14. Boss denies the allegations set forth in paragraph 14 of the Complaint.

15. Boss denies the allegations set forth in paragraph 15 of the Complaint.

16. Boss denies the allegations set forth in paragraph 16 of the Complaint.

17. Boss denies the allegations set forth in paragraph 17 of the Complaint.

18. Boss denies the allegations set forth in paragraph 18 of the Complaint.

19. Boss denies the allegations set forth in paragraph 19 of the Complaint.

20. Boss denies the allegations set forth in paragraph 20 of the Complaint.

21. Boss denies the allegations set forth in paragraph 21 of the Complaint.

### Second Claim For Relief

### False Advertising

22. Boss realleges and incorporates its responses to paragraphs 1-21 as though fully set forth herein.

23. Boss lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and on that basis denies the allegations, except to admit that Boss does not sell any chair that it agreed not to sell.

24. Boss denies the allegations set forth in paragraph 24 of the Complaint.

25. Boss denies the allegations set forth in paragraph 25 of the Complaint.

26. Boss denies the allegations set forth in paragraph 26 of the Complaint.

27. Boss denies the allegations set forth in paragraph 27 of the Complaint.

28. Boss denies the allegations set forth in paragraph 28 of the Complaint.

### Third Claim For Relief

### Common Law Unfair Competition

29. Boss realleges and incorporates its responses to paragraphs 1-28 as though fully set forth herein.

30. Boss denies the allegations set forth in paragraph 30 of the Complaint.

31. Boss denies the allegations set forth in paragraph 31 of the Complaint.

32. Boss denies the allegations set forth in paragraph 32 of the Complaint.

## IV.   DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

33. The trademark claim fails as there is no valid trademark for the marks 5500 or 5700 and/or for failure to comply with the statutory requirements.

### Second Defense

34. Boss is not now infringing and has never infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable trademark.

### Third Defense

35. Office Star's alleged marks are generic.

### Fourth Defense

36. Office Star's Complaint fails to state a cause of action upon which relief can be granted.

### Fifth Defense

37. Office Star's claims for relief are barred by the doctrine of unclean hands.

### Sixth Defense

38. Office Star's claims for relief are barred by the doctrines of laches, waiver and estoppel.

### Seventh Defense

39. Office Star's purported causes of action, and each of them, are barred by the applicable statute of limitations.

### Eighth Defense

40. Boss's conduct, as alleged in the Complaint, is protected by the competitor's privilege.

### Ninth Defense

41. Office Star's damages, if any, should be reduced or completely barred by the doctrine of offset.

### Tenth Defense

42. The complaint is barred by the terms (actual and/or implicit) of the prior settlement agreement between the parties.

### Eleventh Defense

43. Office Star has abandoned its purported marks and/or has acquiesced in their use.

### Twelfth Defense

44. Office Star's claims are barred for lack of acquired distinctiveness and/or lack of secondary meaning.

### Thirteenth Defense

45. Office Star lacks standing to sue as it does not own the purported marks.

### Fourteenth Defense

46. There is no likelihood of confusion.

### Fifteenth Defense

47. The claims raised in the complaint are barred by the First Amendment to the United States Constitution.

### Sixteenth Defense

48. The claims are barred by prior or innocent use.

### Seventeenth Defense

49. Boss reserves the right to modify the defenses stated herein and to assert additional and/or different defense as may be appropriate up to and including at the time of trial.

## V. BOSS'S COUNTERCLAIM

Now, Norstar Office Products, Inc., dba Boss Office Products, for its counterclaims against Blumenthal Distributing, Inc., dba Office Star Product, hereby alleges as follows:

### Nature of the Counterclaim

1. Boss hereby counterclaims against Office Star for declaratory judgment of trademark invalidity.

### Parties

2. Norstar Office Products, Inc., which also does business under the name Boss Office Products, is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 5353 Jillson Street, Commerce, California 90040. Boss regularly conducts business in this jurisdiction and within this judicial district.

3. On information and belief, Blumenthal Distributing, Inc., which also does business under the name Office Star Products, is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1901 S. Archibald Avenue, Ontario, California 91761. Boss is further informed and believes that Office Star regularly conducts business in this jurisdiction and within this judicial district.

### Jurisdiction

4. An actual, present and justiciable controversy exists between Boss and Office Star with regard to the validity of the marks that Office Star now alleges –

5500 and 5700, under the Lanham Act. Additionally, Office Star has expressly submitted to the jurisdiction of this Court by and through the filing of its Complaint.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391, *et seq.*, and 1400 *et seq.*, on the basis that both parties are residents of this district and Office Star has consented to this venue by and through the filing of its Complaint. Boss specifically notes that a related case was previously filed and dismissed and Boss believes this entire case should proceed before that prior court.

## Counterclaim
## Trademark Invalidity

6. Boss realleges and incorporates by reference each and every preceding paragraph of its answer, defenses and counterclaims as though set forth fully herein.

7. The 5500 and 5700 "marks" are invalid and/or unenforceable due to failure to meet the conditions for a valid trademark.

## Jury Demand

8. Boss hereby demands a trial by jury on all claims, defenses, affirmative defenses and counterclaims asserted in Office Star's Complaint and Boss's Answer and Counterclaims.

## Prayer For Relief

WHEREFORE, Boss prays for the following relief:

1. Declaratory judgment that the 5500 and 5700 marks are invalid and/or unenforceable;

2. Dismissal with prejudice of Office Star's Complaint and judgment that Office Star shall take nothing by way of its Complaint;

3. Whatever other and further relief as this Court may deem just and appropriate, including Boss's attorneys' fees and costs.

Dated: December 23, 2008

TODD M. SORRELL
**FULBRIGHT & JAWORSKI L.L.P.**

By: /s/ Todd M. Sorrell
TODD M. SORRELL
Attorneys for Defendant
NORSTAR OFFICE PRODUCTS, INC.,
dba BOSS OFFICE PRODUCTS